IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRA Y. MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1409-N |
| | § | |
| LUIS TAMEZ and DALLAS | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Defendants Dallas Independent School District ("DISD") and Luis Tamez's (collectively "Defendants") motion for summary judgment [32]. Defendants contend Plaintiff Myra Y. Martinez failed to establish a genuine fact issue with regard to an essential element of either her 42 U.S.C. § 1983 claims or her 42 U.S.C. § 12112 claim. Accordingly, Defendants seek summary judgment in their favor. Because Martinez failed to rebut Tamez's defense of qualified immunity and because she failed to produce summary judgment evidence of any specific constitutional violation on the part of DISD or of a prima facie case of disability discrimination, the Court grants Defendants' motion for summary judgment.

**I. ORIGINS OF MARTINEZ'S COMPLAINT**

DISD hired Martinez as a school clerk at Maple Lawn Elementary School ("Maple Lawn") in October 2003. Between 2006 and 2007, Martinez was repeatedly reprimanded for behaving in an inappropriate and unprofessional manner. Despite these reprimands,

DISD continued to employ Martinez in her position as school clerk until DISD eliminated several staff positions at Maple Lawn, including the position of school clerk, due to reduced student enrollment.

In April 2007, DISD informed Martinez that her position would be eliminated after the 2006–2007 school year and invited her to apply for other positions with DISD. According to DISD, Martinez's inappropriate and unprofessional behavior worsened after she received notice that her position would be eliminated. The alleged misbehavior ultimately culminated in an incident involving yelling and other threatening behavior, which prompted DISD to order Martinez to temporarily leave the Maple Lawn campus.

In July 2007, DISD notified Martinez that because her position had been eliminated and she had not secured another position with DISD, her employment would terminate on August 3, 2007. In the same notice, DISD explained the procedures Martinez could follow if she desired to appeal that decision. On August 2, 2007, prior to her termination, Martinez filed a grievance, alleging that DISD had discriminated against her based on a medical disability. DISD scheduled and provided notice to Martinez of a grievance hearing to be held on September 13, 2007. Martinez did not appear at the hearing, the hearing officer dismissed the grievance, and Martinez did not appeal that decision with DISD.

On August 6, 2007, Martinez filed a discrimination charge with the EEOC. On the same day, the EEOC dismissed the claim and issued notice of Martinez's right to sue. Finally, on August 15, 2007, Martinez brought this action alleging several violations of federal law. Martinez alleges that Luiz Tamez, a defendant in his individual capacity, and DISD violated 42 U.S.C. § 1983 by denying her equal protection under the law, and that

ORDER – PAGE 2

DISD discriminated against her because of a medical disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that a party moving for summary judgment has the burden of showing that there is no genuine issue of fact and she is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Harbor Ins. Co. v. Trammel Crow Co.*, 854 F.2d 94, 98 (5th Cir. 1988). When a summary judgment motion is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Johnson v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) ("While the party opposing the motion may use proof filed by the movant to satisfy his burden, only evidence – not argument, not facts in the complaint – will satisfy the burden.") (internal quotations and citation omitted). "[T]he Court has no duty to search the record for triable issues. The Court need only rely on the portions of the submitted documents to which the nonmoving party directs the Court." *Glosson v. Sw. Bell Wireless, Inc.*, 1999 WL 102802, at *3 (N.D. Tex. Feb. 23, 1999) (internal citations omitted). If the nonmovant fails to discharge her burden of designating specific fact issues, the Court must enter summary judgment against her.

### III. MARTINEZ FAILS TO DEMONSTRATE THAT TAMEZ UNREASONABLY VIOLATED A CLEARLY ESTABLISHED RIGHT

Because Martinez fails to produce summary judgment evidence to rebut Tamez's defense of qualified immunity, Tamez is entitled to summary judgment. Martinez seems to argue that Tamez violated section 1983 by failing to timely administer or record a grievance against DISD on Martinez's behalf. "Section 1983 provides a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and the law of the United States." *Beanal v. Freeport-McMoRan, Inc.*, 969 F. Supp. 362, 375 (E.D. La. 1997) (citing ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 8.1 (2d ed. 1994)). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999).

The plaintiff must also pierce the defendant's qualified immunity from civil liability.[1] "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Where, as here, a "defendant invokes qualified

---

[1] Entitlement to qualified immunity is a two step inquiry that asks: (1) whether the facts allege a violation of a constitutional right, and (2) whether such right was clearly established. *Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("A court evaluating a claim of qualified immunity 'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.'") (quoting *Conn. v. Gabbert*, 526 U.S. 286, 290 (1999)). If the official's conduct was objectively reasonable "in light of the legal rules that were 'clearly established' at the time [the action] was taken," the official is immune from suit. *Id.* at 614 (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). That is, "a plaintiff has the burden to rebut the qualified immunity defense 'by establishing that the official's allegedly wrongful conduct violated clearly established law. [The Fifth Circuit does] not require that an official demonstrate that he did not violate clearly established federal rights . . . .'" *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997)).

Martinez has failed to demonstrate that Tamez violated clearly established law. Martinez did not file any response to Defendants' motion for summary judgment, and perforce did not come forward with any evidence to rebut Tamez's defense of qualified immunity. In her motion for appointment for counsel, filed August 1, 2008, Martinez had the opportunity to further explain and elaborate on her complaint. While she used that motion to reiterate her reasons for suit, she did not point to any specific facts showing that Tamez's "allegedly wrongful conduct violated clearly established law." *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). As the Fifth Circuit explained in *Jackson v. City of Beaumont Police Department*:

> In *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986), this court noted that "[o]rdinarily, when a complaint does not establish a cause of action in a case raising the issue of immunity, a district court should provide the plaintiff an opportunity to satisfy the heightened pleading requirements." However, such a complaint may be dismissed even where only one opportunity has been afforded, if circumstances demonstrate that the plaintiff's best case has already been pleaded. *Id.* at 792–93. This holds true even for *pro se* complaints because, despite the latitude they generally receive, "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions." *Id.* at 793.

ORDER – PAGE 5

958 F.2d 616, 621 (5th Cir. 1992); *see also Hinds v. Slagel*, No. 3:00-CV-2372-D, 2001 WL 1543844, at *4 (N.D. Tex. Nov. 29, 2001) ("A *pro se* litigant's pleadings are viewed liberally, but he is not permitted to disregard the rules.").

"On summary judgment . . . the plaintiff can no longer rest on the pleadings," but must instead provide evidence to overcome a claim of qualified immunity. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). Martinez had ample opportunity to set forth facts to rebut Tamez's defense of qualified immunity by establishing that his allegedly wrongful conduct violated clearly established law. Because she did not do so, she fails to meet her summary judgment burden. Because qualified immunity constitutes "*immunity from suit* rather than a mere defense to liability," Tamez is entitled to summary judgment on Martinez's section 1983 claim against him. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).

### IV. MARTINEZ FAILS TO ESTABLISH EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT

DISD moves for summary judgment on the ground that Martinez can provide no evidence to support her claims against DISD, which arise under section 1983 and under the ADA, 42 U.S.C. § 12112. Because Martinez fails to produce summary judgment evidence of a deprivation of rights or of a prima facie case of disability discrimination, DISD is entitled to summary judgment.[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[2] Martinez's complaint also mentions that her "work contract was not honored." Because Martinez has provided no evidence that any contact ever existed between herself and DISD, and in light of DISD's summary judgment evidence that Martinez was an at-will employee, the Court holds that to the extent Martinez may be alleging a breach of contract claim, Defendants are also entitled to summary judgment on that claim.

### *A. Section 1983 Claim*

Martinez has not identified a DISD policy or custom that would support an action for deprivation of rights against DISD.  As with a section 1983 claim against an individual defendant, a plaintiff may also bring a section 1983 claim against a municipality or local governmental entity such as an independent school district such as DISD.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  But, the entity may only be held liable "when (1) the enforcement of a municipal policy or custom was (2) 'the moving force' of [a] violation of federally protected rights." *Id.* at 216 (citing *City of Canton v. Harris*, 489 U.S. 378, 385–91 (1989)).  "To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532–33 (5th Cir. 1996).  Although Martinez claims that DISD discriminated against her, she has not alleged that DISD had any particular policy or custom or that DISD policy makers knew of such custom, which might have served as the "moving force" behind the alleged discrimination.  Accordingly, DISD is entitled to summary judgment on Martinez's section 1983 claim against it.

### *B. ADA Claim*

Because Martinez has not stated a prima facie case of disability discrimination, she has failed to demonstrate a genuine issue of material fact with respect to her ADA claim.  The ADA prohibits employers from "discriminat[ing] against a qualified individual with a

ORDER – PAGE 7

disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Martinez seems to claim DISD violated the ADA because she suffered an adverse employment action as a result of her disability. Most specifically, Martinez claims that DISD subjected her to "subtle coercive targeting" and ultimately discharged her on "short notice." In making an ADA claim, Martinez bears the initial burden of establishing a prima facie case of discrimination by demonstrating that (1) she is disabled or regarded as disabled, (2) she is qualified for the job, (3) she suffered an adverse employment action because of her disability, and (4) she was replaced by or treated less favorably than non-disabled employees. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279–80 (5th Cir. 2000). If established, the burden would then shift to DISD "to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Id.* at 280. If DISD "articulates such a reason, the presumption of unlawful discrimination disappears and the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination." *Id.* at 282; *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001) (explaining that a defendant must provide "'clear and reasonably specific reasons' for its actions" before the burden of production will shift back to the plaintiff) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258 (1981)).

Assuming, *arguendo*, that Martinez presented a prima facie case of discrimination,[3] the Court observes that DISD has articulated a legitimate, non-discriminatory reason for her termination – her position was eliminated due to reduced student enrollment.[4] As a result, the burden shifted back to Martinez "to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination." *McInnis*, 207 F.3d at 282. Except in her EEOC complaint, Martinez has never mentioned that DISD's stated reason for terminating her employment might have been pretextual. She has by no means established or even offered competent summary judgment evidence that the legitimate, non-discriminatory reason DISD articulated for terminating her employment was a pretext for unlawful discrimination. Accordingly, DISD is entitled to summary judgment on Martinez's ADA claim.

## CONCLUSION

For above-stated reasons, the Court grants Defendants' motion for summary judgment and dismisses Martinez's claims with prejudice.

---

[3] For purposes of this motion for summary judgment, DISD does not dispute that Martinez is an individual with a disability. It does dispute the other elements of a prima facie disability discrimination claim, namely whether Martinez was "qualified" for the position of school clerk, suffered an adverse employment action because of her disability, or was replaced by or treated less favorably than non-disabled employees.

[4] DISD does not explicitly state incidents of Martinez's unprofessional conduct and insubordination as additional reasons for her termination, presumably because DISD argues that it did not need these reasons to terminate Martinez considering the fact that her position was eliminated. However, the Court accepts DISD's articulation of these additional legitimate, non-discriminatory reasons why DISD could have terminated her employment.

Signed January 13, 2009.

_____
David C. Godbey
United States District Judge